HACK, PIRO, O'DAY, MERKLINGER,
WALLACE & MCKENNA

COUNSELLORS AT LAW

30 Columbia Turnpike
Post Office Box 941
Florham Park, New Jersey 07932-0941
(973) 301-6500

Attorneys for Defendants
DTC ENGINEERS & CONSTRUCTORS, LLC and
DIVERSIFIED TECHNOLOGY CONSULTANTS, INC.

UNITED STATES DISTRICT COURT
OF THE STATE OF NEW JERSEY

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>　　　　Plaintiff,,<br><br>vs.<br><br>DTC ENGINEERS & CONSTRUCTORS, LLC and DIVERSIFIED TECHNOLOGY CONSULTANTS, INC.<br><br>　　　　Defendants.. | CIVIL ACTION NO. 3:13-CV-07257-JAP-LHG<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

　　　Defendants, DTC Engineers & Constructors, LLC and Diversified Technology Consultants, Inc. (hereinafter referred to as defendants) as and for their Answer and Affirmative Defenses to the Complaint filed by Plaintiff Federal Insurance Company (Federal), submit as follows:

## PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one of the Complaint and therefore leaves the plaintiff to its proof.

2. Defendants admit that DTC Engineers & Consultants, LLC is a Connecticut Limited Liability Company with a place of business at 2321 Whitney Avenue, Suite 201, Hamden Center II, Hamden, CT 06518. As to the remaining allegations contained within this paragraph, defendants deny that DTC Engineers & Consultants, LLC was in the business of providing design, engineering, or other professional engineering or architectural services.

3. Defendants admit that Diversified Technology Consultants, Inc. is a Connecticut corporation with a place of business at 2321 Whitney Avenue, Suite 301, Hamden Center II, Hamden, CT 06518. Defendants further admit that Diversified Technology Consultants, Inc. provides certain elements of engineering design. These defendants deny that Diversified Technology Consultants, Inc. provides architectural, interior design, soils engineering, geotechnical engineering, pavement design and/or concrete design or fire protection engineering services for government building construction projects, more specifically those outlined in the remaining portion of plaintiff's Complaint.

## JURISDICTION AND VENUE

4. Deny.

5. Deny.

## FACTUAL BACKGROUND

### Lakehurst

6. These defendants admit that on or about November 12, 2009, DTC Engineers & Constructors, LLC entered into a Contract with the United States of America (the Government) for the construction of a vehicle maintenance facility and warehouse at Lakehurst, New Jersey (the Lakehurst Contract). As to the remaining allegations contained within this paragraph, these defendants lack knowledge or information sufficient to form a belief, and therefore leaves the plaintiff to its proof.

7. Admit.

8. Admit.

### Fort Buchanan

9. Deny.

10. Admit.

11. Admit.

### The Indemnity Agreement

12. These defendants lack knowledge or information sufficient to form a belief, and therefore leaves the plaintiff to its proofs.

13. Deny.

### Performance and Takeover by Federal

14. Admit.

15. These defendants admit that DTC Engineers & Consultants retained Diversified Technology Consultants on the limited bases to design portions of engineering. These defendants deny that DTC Engineers & Constructors or Diversified Technology Consultants were retained to perform any architectural or engineering design elements with reference to the allegations of errors and omissions contained in plaintiff's Complaint.

16. These defendants admit that DTC Engineers & Constructors did not complete all of its work under the Fort Buchanan Contract and the Lakehurst Contract. As to the remaining allegations contained within this paragraph, these defendants lack knowledge or information sufficient to form a belief, and, therefore, leaves the plaintiff to its proof.

17. These defendants admit that Federal took over the work on the Fort Buchanan Contract and Lakehurst Contract. As to the remaining allegations contained within this paragraph, these defendants lack knowledge or information sufficient to form a belief, and therefore leaves the plaintiff to its proof.

18. These defendants admit that on August 31, 2011, the Lakehurst Takeover Agreement was executed. As to the remaining allegations contained within this paragraph, these defendants lack knowledge or information sufficient to form a belief, and therefore leaves the plaintiff to its proof.

19. These defendants admit that on or about September 28, 2011, the Fort Buchanan Takeover Agreement was executed. As to the remaining allegations contained within this paragraph, these

defendants' lack knowledge or information sufficient to form a belief, and therefore leaves the plaintiff to its proof.

**Lakehurst Project's Design Errors and Omissions**

20. These defendants deny paragraph 20 and all of its subparts.

21. Deny.

22. Deny.

**Fort Buchanan Project's Design Errors and Omissions**

23. These defendants deny the allegations contained in paragraph 23 and its subparts.

24. Deny.

25. Deny.

## COUNT I

26. These defendants repeat, reallege and reiterate their answers to the allegations contained in previous portions of the Complaint as though set forth at length herein.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. The allegations of paragraph 32 of the First Count are not directed to these defendants, therefore, no response by these defendants to these allegations are required. To the extent that a response is deemed to be required, the allegations are denied.

33. The allegations of paragraph 33 of the First Count are not directed to these defendants, therefore, no response by these defendants to these allegations are required. To the extent that a response is deemed to be required, the allegations are denied.

34. Deny.

35. Deny.

## COUNT II

36. These defendants repeat, reallege and reiterate their answers to the allegations contained in previous portions of the Complaint as though set forth at length herein.

37. Deny.

38. Deny.

39. Deny.

## COUNT III

40. These defendants repeat, reallege and reiterate their answers to the allegations contained in previous portions of the Complaint as though set forth at length herein.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's recovery, if any, must be reduced to the extent Plaintiff failed to mitigate its alleged loss and damages.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the notice and other provisions in the written contracts among the parties.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants violated no duty owed to plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Defendants were guilty of no negligence.

### TENTH AFFIRMATIVE DEFENSE

The damages alleged were caused solely by the negligence of the plaintiff or by other parties.

### ELEVENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the cause of the action set forth in the Complaint and the defendants reserve their right to move to dismiss the Complaint on said grounds.

### TWELFTH AFFIRMATIVE DEFENSE

The court lacks jurisdiction over the person of the defendants, and the defendants reserve their right to move to dismiss the Complaint on said grounds and to move to dismiss and quash the service of process upon said defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claim is barred by N.J.S.A. 2A:53A-26 as no report or affidavit has been provided by an appropriate licensed person.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's own wrongful conduct, negligence, and/or breach of contract or other legal duties bars its claim for relief against these defendants as a matter of law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or its claims reduced by the doctrines of setoff, recoupment and betterment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by lack of privity.

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovery as a matter of law since the alleged claim was not made and perfected in the manner and within the time provided and required by law, statute, rule, regulation or contract upon which it is predicated.

### TWENTIETH AFFIRMATIVE DEFENSE

Venue remains improper and the defendants reserve their right to move to dismiss the Complaint on said grounds.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to join parties to the matter and defendants reserve their right to join same and/or move to dismiss the Complaint on said grounds.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against these defendants are barred pursuant to the Settlement Agreement entered into on or about December 12, 2011.

### RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or for Summary Judgment, on the ground that the Complaint fails to state a claim upon which relief can be

granted and/or these defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

## JURY DEMAND

The defendants, Defendants, DTC Engineers & Constructors, LLC and Diversified Technology Consultants, Inc., demand a trial by jury on all issues.

## DEMAND FOR STATEMENT OF DAMAGES

The defendants, DTC Engineers & Constructors, LLC and Diversified Technology Consultants, Inc., demand that plaintiff furnish a statement of damages claimed within the time prescribed by the Rules of Court.

## DESIGNATION OF TRIAL COUNSEL

Thomas M. Madden, Esq. is hereby designated as trial counsel on behalf of defendants, Defendants, DTC Engineers & Constructors, LLC and Diversified Technology Consultants, Inc., pursuant to the Rules made and provided.

HACK, PIRO, O'DAY, MERKLINGER,
WALLACE & MCKENNA, P.A.

BY: _/s/ Thomas M. Madden_
THOMAS M. MADDEN (4520)
Attorney for Defendants
DTC Engineers & Constructors, LLC
and Diversified Technology
Consultants, Inc.

Dated: January 9, 2014

**CERTIFICATION OF SERVICE**

I, Thomas M. Madden, hereby certify that on this 9th day of January, 2014, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which sent notification of such filing to the following:

Carl J. Schaerf
Schnader, Harrison, Segal & Lewis LLP
140 Broadway, Suite 3100
New York, NY  10005
Attorneys for Plaintiff, Federal Insurance Company

                                                THOMAS M. MADDEN

Dated: January 9, 2014

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Federal Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Somerset, New Jersey
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Carl Schaerf, Esq.
Schnader, Harrison, Segal & Lewis

## DEFENDANTS
DTC Engineers & Constructors and
Diversified Technology Consultants, LLC

County of Residence of First Listed Defendant   New Haven, Connecticut
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Thomas M. Madden, Esq.
Hack, Piro

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1. Alleged errors, omissions and defects in performance of a Government Design Build Contract.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 6,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/09/2014
SIGNATURE OF ATTORNEY OF RECORD: *Thomas M. Madden*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.